IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Phillip S. Figa

Civil Action No. 03-cv-01411-PSF-MJW

CYNTHIA A. APA,

    Plaintiff,

v.

QWEST CORPORATION,

    Defendant.

## ORDER ON ATTORNEY'S LIEN

Before the Court is the Notice of Attorney's Lien in the amount of $4,645.48 (Dkt. # 73), filed by plaintiff's counsel, John W. McKendree, on October 3, 2005 after the Magistrate Judge granted said counsel's motion to withdraw as counsel for plaintiff on September 20, 2005 (Dkt. # 70).

**BACKGROUND**

On October 20, 2005, the Court was advised by the Magistrate Judge that plaintiff, appearing *pro se*, and defendant had reached a proposed settlement, that dismissal papers were due to be filed by October 28, 2005, and that funds equal to the amount of the lien, $4,645.48, were to be deposited by defendant into the Court Registry. On October 27, 2005, the defendant filed a stipulated motion to dismiss this case with prejudice, and funds were ordered deposited into the Court Registry subject to the attorney's lien. On October 28, 2005, plaintiff filed, *pro se*, her objection to the amount of the attorney's lien (Dkt. # 80).

Under the law of this circuit, the law of the state where the case is filed and prosecuted governs the applicability of attorney's liens. *See e.g. Donaldson, Hoffman & Goldstein v. Gaudio,* 260 F.2d 333, 335 *(*10th Cir. 1958*); Abrams v. Southeastern Municipal Bonds, Inc.*, 138 Fed. Appx. 88, 98 n. 5 (10th Cir., June 22, 2005) ("It is well established that state law applies to this issue."). Colorado attorneys have a statutory right to an attorney's charging lien, C.R.S. § 12-5-119. Plaintiff's counsel appears to have complied generally with the requirements of the statute by filing the notice of lien with the Court on October 3, 2005. However, the statute provides that the notice of the lien shall set forth "specifically the agreement of compensation between such attorney and his client." The notice of lien filed in this case did not have attached to it a copy of the fee agreement between the attorney and the client, and it was not at all clear what was the arrangement.

The lien notice indicates that counsel is seeking only reimbursement of costs and disbursements, and not any fees. Under the Colorado attorney's lien statute, costs advanced by an attorney on behalf of his client are subject to a charging lien. *See Kallsen v. Big Horn Harvestore Systems, Inc.*, 761 P.2d 291, 292 (Colo. App. 1988). Yet, counsel did not submit invoices for such costs or even an affidavit supporting same. Plaintiff appeared to perceive the lien as requesting fees, as she offered a showing that the lawyer's work was insufficient or incomplete to earn such fees. Against this background, the Court held a hearing on November 7, 2005.

**THE HEARING**

At the hearing, plaintiff's former counsel confirmed that the amount sought by the attorney's lien was solely for reimbursement for out-of-pocket expenses claimed by counsel, and did not include any claim for fees for services rendered. Counsel tendered to the Court a copy of the plaintiff's written retainer agreement. The agreement expressly provides that the plaintiff

> agrees to assume responsibility for all costs and expenses including, by way of illustration and not limitation, postage, duplication, long distance telephone charges, filing fees, service of process, transcript and deposition fees, witness fees, travel expenses and any other expenses incurred by Attorneys during their representation of Client. Such costs and expenses are estimated to be **$3,000 to $5,000**. Nonetheless, authority is given to these offices to incur costs up to a maximum of **$5,000**. Agreement for Legal Services dated July 8, 2002, ¶ 3.

Agreement for Legal Services, dated July 8, 2002, ¶ 3 (bold in original).

The former counsel also provided the Court with a document entitled "Reminder Notice," dated November 4, 2005, which appears to present a summary of billed and unpaid expenses for the period April 4, 2005 through October 3, 2005, which total $4,827.38. The summary reflects a payment in April 2005 of $181.90. Such payment would reduce the balance of the summary to $4,645.48. However, the summary also reflects interest charges of $247.26, bringing the balance on the summary to $4,892.74.

Counsel also presented the Court with a 33-page summary of counsel's office billings and disbursements for the period March 1, 2004 through November 4, 2005.

While the description of services on the summary was not necessarily relevant given counsel's representation that the lien related only to costs and disbursements, the Court notes that the summary reflects total fees for services of $17,014.74, with an adjustment of $10,805.50, leaving what is described as "Total Fees After Discount" in the amount of $6,209.24 (*see* p. 30 of document). To this amount are added itemized disbursements totaling $7,785.28, bringing the "Total Fee and Disbursement for all charges on this matter" to $13,994.52 (*see* p. 32 of document).

Plaintiff stated at the hearing that she had paid $10,000 to her counsel, and counsel acknowledged receipt of the $10,000. Counsel also acknowledged receipt of a $300 payment from the plaintiff which he stated was applied to costs. Although it was not made clear to the Court how the $10,000 payment was actually applied, if it had been applied to the balance reflected on the 33-page summary, the maximum balance due from plaintiff would be $3,994.12.

Because counsel's lien requested $4,645.48, which counsel represented as solely costs and disbursements, and given the fact that the 33-page summary reflected an itemized total of $7,785.28 in costs, it appears to the Court that counsel applied some of the $10,000 to fees and part of it to unpaid costs and disbursements, but the Court cannot determine which disbursements had been treated as paid. Accordingly, the Court requested counsel to submit to the Court within seven days the actual bills and backup documents that supported the $4,645.48 amount of costs and disbursements requested by the attorney's lien.

**COUNSEL'S SUBMISSION**

Counsel filed the requested back-up on November 14, 2005, in a filing entitled "Submission of Copies of Receipts and Itemization of Costs" (Dkt. # 83). The submission references 38 attached exhibits, each of which relates to an item of expense such as copies purchased, deposition transcript, photocopies made at counsel's office, postage and faxes sent by counsel. Although the submission lists all 38 items, it does not total the 38 items. However, the Court has totaled the items and finds that the total is $4,685.56.

The Court has carefully reviewed counsel's submission, and finds that the itemization of expenses presented can be generally classified into four separate categories. First, counsel requests reimbursement for copies purchased from opposing counsel in the amount of $302.90, representing 2,330 pages at $.13 per page (Exhibit 1). Counsel next requests reimbursement for the purchase of a copy of the transcript of plaintiff's deposition in the amount of $412 (Exhibit 2). Counsel also requests payment for photocopies made at counsel's office at the rate of $.37 per page for each copy. This category by far accounts for the largest amount of dollars on the submission, encompassing Exhibits 3, 4, 6, 9, 12, 13, 15, 18, 21, 24, 25, 31, 32, 35 and 37. According to the submission, counsel is requesting payment for the making of some 10,160 pages of copies at a rate of $.37 per copy, for a total reimbursement for copying of $3,759.20.

The balance of the charges set forth on counsel's submission, $211.46, are for faxes sent by counsel or for postage (Exhibits 5, 7, 8, 10, 11, 13, 14, 16, 17, 19, 20, 22, 23, 26, 27, 28, 29, 30, 33, 34, 36 and 38).

**ANALYSIS**

The Court is troubled by the amount of counsel's request for payment for in-house photocopying for several reasons.

First, the sheer number of copies appears to be extraordinarily high given the nature of this employment discrimination case.  As noted above, the entire production of documents from defendant consisted of 2,330 pages.  Even if counsel reproduced the entire volume of such documents, it would not approach 10,160 pages. Defendant's detailed Motion for Summary Judgment had many pages of documents attached, but many of those were undoubtedly the same documents produced by defendant.  Plaintiff's opposition to the motion was only nine pages long, and had very few documents other than deposition excerpts attached.

Second, the submission reflects that counsel seeks reimbursement for 1,774 copies made in September 2005, at a total cost of $656.38.  Counsel had already filed his motion to withdraw as plaintiff's counsel by August 31, 2005 (Dkt. # 62).  Thus, it is unclear why counsel would be reproducing copies in such large volume if he had already moved to withdraw.

Third, counsel's charge of $.37 per page for in-house copying seems to the Court to be unreasonable, given the rates charge by publicly accessible copy services, as well as the actual in-house cost of the photocopies.

Finally, as noted above there is an unexplained discrepancy between the balance on the summary bill tendered to the Court on November 7, 2005, which reflects a balance that should be $3,994,52, even if all the copies are included, and the requested lien amount of $4,645.48.

It is true that plaintiff's retainer agreement provides that she would pay for expenses up to the amount of $5,000.  It is also true that the attorney's lien statute does not contain a provision requiring the fees or expenses sought to be "reasonable." Nonetheless, the Court finds that no attorney's lien should be permitted where the amount of fee or expense reimbursement sought is not reasonable in light of the circumstances under which the services were rendered.  In this regard the Court is informed by Rule 1.5 of the Colorado Rules of Professional Conduct that requires lawyer's fees to be "reasonable," as well as case law that apparently limits such attorney's liens to reasonable fees and expenses.  *See e.g. In re Marriage of Shapard*, 2004 WL 2128802 at *2 (Colo. App., Sept. 23, 2004) ("Such a lien attaches automatically to any monies or property due or owing to the client on any underlying judgment the attorney may have obtained or assisted in obtaining to the extent of the attorney's reasonable fees remaining due and unpaid.")

The Court also notes that Rule 1.16(d) of the Colorado Rules of Professional Conduct requires counsel, upon termination of representation, to surrender of papers to which the client is entitled, which the Court understands to mean without additional cost to the client.  Thus if the amount charged for copies in September 2005 was for transition of the files to the client, such amount is not properly charged.  The cost of

making a copy of a client file by a withdrawing lawyer belongs to the lawyer, not the client.  Colo. Bar. Assoc. Formal Ethics Op. 104, "Surrender of Papers to the Client Upon Termination of the Representation," dated April 17, 1999 ("Under Colo. RPC 1.16(d), all papers and property to which the client is entitled must be surrendered upon demand within a reasonable time, regardless of duplication costs.  In the event the lawyer decides to retain a copy of those papers and property for the lawyer's own purposes, the duplication costs for these items are not properly billed to the client.")  While the Ethics Opinion makes an exception for charging a client for copies of an attorney's work product, the attorney here has made no showing that any of the photocopies for which reimbursement is sought constituted attorney work product supplied to the client.

    Based on these concerns, the Court finds that the request for reimbursement for the 1,774 copies made in September 2005 in the amount of $656.38 should be disallowed.  As for the remaining volume of copies for which reimbursement is sought, the Court finds that the reasonable rate for charging in-house copies is no more than $.25 per page.  Thus, the total amount allowed to counsel for reimbursement of copies is $2,096.50.  Applying this allowance to counsel's request for reimbursement as set forth in the lien, the Court finds that the total of the attorney's lien that should be allowed as reimbursement for reasonable costs and disbursements is $3,022.86, based on $2,096.50 for in-house photocopying, $302.90 for reimbursement of photocopying charges of opposing counsel, $412.00 for the deposition transcript, and $211.46 for fax charges and postage.

**CONCLUSION**

Accordingly, for the reasons set forth above, the Court partially ALLOWS and partially DENIES the attorney's lien (Dkt. # 73), allowing for reimbursement of costs and disbursements in the amount of $3,022.86 only.  The Clerk of the Court is directed to remit $3,022.86 to plaintiff's former counsel, the Law Offices of John W. McKendree, LLC, from the $4,465.48 received by the by the Clerk of the Court at the time of settlement.

The Court SUSTAINS in part and OVERRULES in part plaintiff's Objection to the Lien (Dkt. # 80), so that the remaining balance of the $4,465.48 received by the Clerk of the Court, that is $1,622.62, plus any accrued interest on the entire amount, shall be paid to Plaintiff Cynthia Apa.

DATED: November 30, 2005

BY THE COURT:

*s/ Phillip S. Figa*
_____
Phillip S. Figa
United States District Judge